IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PAUL and ESSIE IVEY, TONY KEYS,
STEPHANIE JOHNSON, BARBARA
SEALS, WILLIE K. MARTIN, TAKEESHA
MCCASKILL, and ANGELICA ROSS, PLAINTIFFS,

VS. CIVIL ACTION NO. 4:05CV171-P-D

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDEWELL BANKER
FIRST GREENWOOD-LEFLORE, INC.;
JIM PRUETT; LINDA PRUETT; BANK OF
COMMERCE; TERRY GREEN; STATE
BANK & TRUST COMPANY; and WMC
MORTGAGE CORPORATION, DEFENDANTS.

## ORDER

These matters come before the court upon Defendant WMC Mortgage Corporation's motions to compel arbitration of all of the plaintiffs' claims [18-1, 20-1, 22-1, 24-1, 26-1, 28-1] and Defendant State Bank & Trust Company's motions to compel arbitration [144-1, 161-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract " shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Fifth Circuit Court of Appeals has also consistently favored arbitration. "The FAA expresses a strong national policy in favoring arbitration of disputes, and all doubts should concerning

arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.").

In six separate motions, Defendant WMC Mortgage Corporation moves to compel arbitration of all of the plaintiffs' claims against them pursuant to arbitration agreements signed by each plaintiff. Although the scope of the agreements cover the plaintiffs' claims, none of the agreements are effective. In the second paragraph of each "Agreement for the Arbitration of Disputes" is the provision: "This Agreement is effective and binding on both you and your heirs, successors, and assigns and us *when it is signed by both parties*." (emphasis added). Above the lines designated for the borrowers in type are the signatures of each plaintiff. However, above the line designated for WMC Mortgage in type are no signatures. Therefore, the subject arbitration agreements are ineffective according to the arbitration agreements' own terms. Accordingly, WMC's motions to compel arbitration should be denied.

In its first motion to compel arbitration, State Bank points to an arbitration agreement signed by State Bank and Paul Ivey and two such agreements signed by State Bank and Angelica Ross in

connection with Ivey and Ross's opening of bank accounts. Note that State Bank need not have signed these particular arbitration agreements since there is no provision within the agreement itself requiring signatures of both parties. In any event, each arbitration agreement states in pertinent part: "Any claim, dispute or controversy between Customer and Bank ... arising from or relating to any matter, including but not limited to, the Deposit Account ... shall be resolved, upon the unilateral or joint election of Customer or Bank or said Covered Persons, respectively, by binding arbitration." Paul Ivey and Angelica Ross's claims against State Bank in this case arising from or are related to their accounts at State Bank are therefore covered by the arbitration agreements.

Accordingly, State Bank's first motion to compel arbitration of Paul Ivey and Angelica Ross's claims against State Bank should be granted. Therefore, all of the claims of Paul Ivey and Angelica Ross against State Bank & Trust Company should be dismissed without prejudice and compelled to binding arbitration. This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id.*

In its second motion, State Bank moves to compel arbitration of all of the plaintiffs' claims against not only State Bank but also all other defendants based on the arbitration agreements signed by each plaintiff with WMC Mortgage in connection with their home loans pursuant to the equitable estoppel doctrine enunciated in *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000). State Bank's *Grigson* motion must fail, however, given the court's conclusion above that all

of the WMC Mortgage arbitration agreements are ineffective since WMC Mortgage did not sign them as required by the terms of the agreements.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant WMC Mortgage Corporations' motions to compel arbitration of all of the plaintiffs' claims [18-1, 20-1, 22-1, 24-1, 26-1, 28-1] are **DENIED**; therefore,

(2) Defendant State Bank & Trust Company's second motion to compel arbitration [161-1] is **DENIED**; however,

(3) Defendant State Bank & Trust Company's first motion to compel arbitration of the claims of Paul Ivey and Angelica Ross [144-1] is **GRANTED**; therefore,

(3) All of the claims of Paul Ivey and Angelica Ross against State Bank & Trust Company are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**.

**SO ORDERED** this the 22nd day of March, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE