IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PAUL and ESSIE IVEY, TONY KEYS,
STEPHANIE JOHNSON, BARBARA
SEALS, WILLIE K. MARTIN, TAKEESHA
MCCASKILL, and ANGELICA ROSS,                          PLAINTIFFS,

VS.                                          CIVIL ACTION NO. 4:05CV171-P-D

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDEWELL BANKER
FIRST GREENWOOD-LEFLORE, INC.;
JIM PRUETT; LINDA PRUETT; BANK OF
COMMERCE; TERRY GREEN; STATE
BANK & TRUST COMPANY; and WMC
MORTGAGE CORPORATION,                                  DEFENDANTS.

## PARTIAL FINAL JUDGMENT

These matters come before the court upon Defendant Coldwell Baker Real Estate Corporation's joinder [241]; Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood– Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [242]; Defendants Bank of Commerce and Terry Green's joinder [267]; and Defendant WMC Mortgage Corp.'s joinder [260] in Defendant State Bank's September 20, 2006 motion to compel arbitration of the claims of Plaintiffs Paul Ivey and Angelica Ross against all of the defendants. Upon due consideration of the remaining defendants' joinders, the court finds as follows, to-wit:

In its March 22, 2007 Order, the court granted State Bank's motion to compel arbitration with regard to the claims of Ivey and Ross against State Bank. In that same Order, the court denied State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all defendants based upon the arbitration agreements signed by all of the plaintiffs with WMC Mortgage

1

Company, concluding that the WMC Mortgage agreements were invalid because, by their own terms, they required signatures by WMC Mortgage and they did not contain such signatures.

Essentially, the remaining defendants in this action seek to have Ivey and Ross' claims dismissed without prejudice and compelled to arbitration as was done in the court's March 22, 2007 Order granting State Bank's first motion to compel pursuant to *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000).

The Fifth Circuit Court of Appeals in *Grigson* adopted the following Eleventh Circuit test contained in *MS Dealer Services Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.
>
> First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.
>
> Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527 (citing with approval *Franklin*, 177 F.3d at 947) (reformatted for clarity).

The very nature of Ivey and Ross' RICO claims against all defendants in this matter allows either of the tests for equitable estoppel doctrine discussed in *Grigson* to apply in this case.

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). An "enterprise" can be "any individual, partnership,

2

corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000).

Ivey and Ross assert that all of the defendants, the signatory and nonsignatories to the arbitration agreement between State Bank and Ivey and Ross, are liable for participating in an enterprise of racketeering activity. For example, paragraph 1 of the Amended Complaint states: "Each Defendant named above, as is set forth in the paragraphs that follow, has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq*. (RICO)." Paragraph 2 states: "In particular, each Defendant named above has participated in a pattern of 'racketeering activity' by each committing two or more violations of Federal criminal statutes, including statutes relating to mail fraud and wire fraud." Paragraph 3 states: "These Defendants each were members of a group of persons, who invested in and/or maintained an interest in, and/or participated in an 'enterprise,' which was engaged in and/or which affected interstate commerce."

Accordingly, the court concludes that Ivey and Ross' claims against the remaining defendants should be compelled to arbitration pursuant to *Grigson* and the arbitration agreements signed between State Bank and Ivey and Ross.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pursuant to Defendant Coldwell Baker Real Estate Corporation's joinder [241]; Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [242]; Defendants Bank of Commerce and Terry Green's joinder [267]; and Defendant WMC

Mortgage Corp.'s joinder [260] in Defendant State Bank's September 20, 2006 motion to compel arbitration of the claims of Plaintiffs Paul Ivey and Angelica Ross against all of the defendants, the court concludes:

(1) For the reasons discussed above, pursuant to *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000), the claims of Plaintiffs Paul Ivey and Angelica Ross against all of the remaining defendants in this action should be **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**.

**SO ORDERED** this the 21st day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE